# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Brodkorb,

        Plaintiff,

v.

The Minnesota Senate,

        Defendant.

File No. 12-CV-01958 (SRN/AJB)

**AFFIDAVIT OF SERVICE**

STATE OF MINNESOTA )
                            ) ss.
COUNTY OF HENNEPIN )

    Christopher J. Harristhal, of the City of Chanhassen, County of Carver, in the State of Minnesota, being duly sworn, says that on April 8, 2013, he served the following:

1. **Defendant The Minnesota Senate's Interrogatories to Plaintiff (Set I)**

2. **Defendant's Request for Production of Documents to Plaintiff (Set I)**

3. **Medical Authorizations**

4. **Employment Authorizations**

upon Plaintiff, through his counsel Philip G. Villaume, by personally handing to him the aforementioned documents at the offices of Larkin Hoffman Daly & Lindgren Ltd., 7900 Xerxes Ave. S., Minneapolis, MN 55431 and that he further caused the documents to be served on counsel via email as follows:

Philip G. Villaume
Villaume & Schiek, P.A.
2051 Killebrew Drive, Ste. 611
Bloomington, MN 55425
Email: pgvassoc@att.net

*Counsel for Plaintiff*

Greg Walsh
Walsh & Gaertner, P.A.
Walsh & Gaertner Bldg.
24 East Fourth Street
St. Paul, MN 55101
Email: greg@walsh-gaertner.com

*Counsel for Plaintiff*

                                              Christopher J. Harristhal

Subscribed and sworn to before me this
8th day of April, 2013.

_____
Notary

MELISSA ROSE ROEGLIN
NOTARY PUBLIC – MINNESOTA
My Commission Expires Jan. 31, 2014



EXHIBIT
A

1415476.2

# EXHIBIT B

United States District Court for the

District of Minnesota

| Michael Brodkorb, | ) | Case type: Employment |
|---|---|---|
| Plaintiff, | ) | Case No.: 12-1958 SRN/AJB |
| vs. | ) | |
| | ) | **PLAINTIFF'S ANSWERS TO** |
| | ) | **DEFENDANT'S FIRST SET OF** |
| The Minnesota Senate, | ) | **INTERROGATORIES** |
| Defendant. | ) | |

TO: DEFENDANT, BY AND THROUGH ITS ATTORNEYS, CHRISTOPHER HARRISTHAL AND DAYLE NOLAN, LARKIN HOFFMAN DALY & LINDGREN, LTD, 7900 XERXES AVENUE SOUTH, MINNEAPOLIS, MINNESOTA 55431.

## INTRODUCTION

Plaintiff, Michael Brodkorb, pursuant to the Rules of Civil Procedure, answers Defendant's Interrogatories as follows:

### GENERAL OBJECTIONS AND RESERVATIONS

1. Plaintiff object to Defendant's Interrogatories to the extent that those Interrogatories seek to impose discovery obligations upon Plaintiff which are contrary to, or exceed those set forth in the Rules of Civil Procedure.

2. All information produced in response to Defendant's Interrogatories are produced for use in this action only and for no other purposes. Plaintiff reserves the right to apply to the Court for an appropriate protective order pursuant to the Rules of Civil Procedure.

3. Plaintiff has responded to each of Defendant's Interrogatories based on his own understanding of those Interrogatories to the best of their knowledge and recollection at

1



the date these responses were served. Plaintiff expressly reserves the right to amend, supplement, or correct his answers as he deems necessary.

4. Plaintiff limits his responses to these Interrogatories to information regarding Defendant.

5. Plaintiff has set forth such objections as are apparent at this time based on his understanding of Defendant's Interrogatories. Plaintiff expressly reserves the right to assert additional objections, including those based on excessive burden, which may become apparent in the course of producing information to Defendant.

6. Plaintiff objects to producing any information which is protected as attorney work-product, or by the attorney-client privilege.

7. Plaintiff objects to and declines to be bound by the Definitions and Instructions section of Defendant's Interrogatories to the extent said Definitions and Instructions attempt to impose burdens greater than those required by the Rules and applicable case law.

8. The foregoing general objections are incorporated into each of Plaintiff's responses to each of Defendant's Interrogatories, whether or not express reference is made to the general objections and reservations in response to any particular Interrogatory and/or Production.

## INTERROGATORIES

1. Identify every state legislative staff member who you allege was similarly situated to your with respect to your relationship with Amy Koch, as alleged in paragraphs 20, 21, 38, 39, 41, 42, 56, 57, 59, and 60 of the Amended Complaint, and for each such staff person provide:

   a. The staff person's name and title at the time of any intimate relationship with an elected member of the legislature and the date(s) of the alleged relationship.
   b. The name and title of the elected member of the legislature who you believe or allege engaged in an intimate relationship with the staff member.
   c. All facts, if any, upon which you base a belief that the intimate relationship between the staff member and elected member of the legislature was known to the leadership of the

       house in which the elected member of the legislature served at the time of the relationship.
- d.     The source(s) of your information about the relationship.

**ANSWER:**    **Plaintiff will provide his answer to Interrogatory No. 1 under separate cover and marked "For Attorneys Eyes Only" pursuant to the Temporary Protective Order issued by the Court.**

2.    State the current nature of your personal relationship with Amy Koch, specifically indicating whether it is "intimate" as that expression is used in paragraph 7, 9, 12, 14, 17 – 19, 34, 35, 38, 52, and 53 of the Amended Complaint and indicate when it became intimate. If the relationship has ceased to be intimate in nature, state when that occurred.

**ANSWER:**    **Plaintiff objects to Interrogatory No. 2 as it is not reasonably calculated to lead to admissible evidence, irrelevant and is intended to simply harass, embarrass, and annoy Plaintiff. Subject to and without waiving said objections Plaintiff states that Plaintiff and Senator Koch were involved in an intimate relationship between September 2011 and December 16, 2011.**

3.    State the facts which you believe the following people would have which are relevant to this lawsuit: Doug Dahl, Bryant Wallgren, David Billips, Tim Conley, Claire Robling, and Chris Gerlach.

**ANSWER:**    **Plaintiff objects to this interrogatory because it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Plaintiff also objects to this interrogatory as improper to the extent that it seeks information already in the Defendant's possession, custody, or control. Subject to and without waiving any objections Plaintiff states as follows:**

                **Plaintiff is unaware of the exact information known by Doug Dahl, Bryant Wallgren, David Billips or Tim Conley. However, Plaintiff's Counsel did receive an anonymous letter stating these individuals have knowledge related to the subject matter of this lawsuit.**

                **Upon information and belief Clare Robling and Chris Gerlach have information related to Plaintiffs termination from the Minnesota Senate; details of the meeting held at the Minneapolis Club where Sen. Koch was confronted by various members of the Minnesota Senate about her relationship with Plaintiff; and names of legislative staffers who have had relationships with legislators prior to and subsequent to Plaintiffs termination.**

3

Gerlach may also possess information relating to the leaking of Plaintiffs termination to members of the media.

Discovery is continuing.

4. Describe all efforts that Plaintiff has made to mitigate his alleged economic and emotional damages claimed in this case, including, but not limited to, the identify of:

a. All potential employers to whom Plaintiff has submitted an application, resume or request for employment since January 2010 and the outcome of that application.
b. For each of those employers and prospective employers, please execute an authorization for the release of information attached to Defendant's Requests for Production of Documents to Plaintiff.
c. The identity of all doctors, psychiatrists, psychologists, counselors, health care institutions, clinics, hospitals, therapists, or the like that Plaintiff has seen for the purpose of addressing any harm caused by Defendant.

ANSWER: Plaintiff objects to Interrogatory No. 4 as it seeks information unrelated to the cause of action set forth in Plaintiff's complaint, specifically any information prior to December 16, 2011, is irrelevant and not calculated to lead to discoverable information regarding the efforts Plaintiff made to mitigate his economic and emotional damages. Subject to and without waiving said objection, plaintiff states as follows:

Following Plaintiffs termination from the Minnesota Senate on December 16, 2011, Plaintiff filed for unemployment benefits with the Minnesota Department of Employment and Economic Development. The Minnesota Senate challenged Plaintiff's right to unemployment benefits resulting in an Order denying Plaintiff unemployment benefits.

Following his termination from the Minnesota Senate on December 16, 2011, Plaintiff has been engaged as an independent contractor for the following:

Weber-Johnson Public Affairs
Railroader Printing Building
235 East 6th Street, Suite 500
St. Paul, MN 55101

The Arkin Group, LLC
590 Madison Avenue
New York, NY 10022

4

>   Mike Perry for Congress
>   Congressional Campaign
>
>   Golnik Strategies
>   St. Paul, Minnesota
>
>   Fluence Media
>   3920 Excelsior Blvd
>   Minneapolis, MN 55416
>
>   The remainder of Plaintiff's answer to Interrogatory No. 4 will be provided under separate cover and marked "For Attorneys Eyes Only" pursuant to the Temporary Protective Order issued by the Court.

5. Describe all emotional distress you allege to have suffered as a result of the actions of Defendant, including all symptoms and diagnoses related to such distress and provide the dates and diagnosis and dates when the symptoms were present.

   ANSWER: Plaintiff objects to this Interrogatory as premature and vague. Plaintiff understands the request is continual, and will furnish the information requested, upon completion in accordance with the Court's scheduling order. Subject to and without waiving objections Plaintiff states:

   > As to damages, Plaintiff was injured in mind so that he has in the past, and will in the future, suffer great mental pain and anguish subject to but not limited to extreme and severe anguish, humiliation, emotional distress, nervousness, tension, sleeplessness, and anxiety, the extent of which is not fully known at this time, and the amount of damages caused by Defendant's conduct is not yet fully ascertained, the precise amount of which will be proven at the time of trial. Further, as a result of Defendant's actions, Plaintiff has suffered and will continue to suffer severe and permanent emotional distress, physical manifestations of emotional distress, humiliation, loss of self-esteem, and other psychological injuries. Plaintiff's career has also been irreparably harmed as a result of the actions of the Defendant. Plaintiff has also suffered wage loss, loss of health benefits, loss of pension benefits, past pain and suffering and future pain and suffering, and reasonable attorneys' fees. See also Production of Documents.

6. Identify all doctors, psychiatrists, psychologists, counselors, health care institutions, clinics, hospitals, therapists, or the like that Plaintiff has seen, been evaluated by, consulted with, received services from or been admitted to since 2008 and for each individual or institution state:

5

a.  Name and complete address of said individual or institution, including, if naming an individual, the name of the institution in which the doctors, psychiatrists, psychologists, counselors, and therapists are employed, as well as zip code information.
b.  For ever individual and institution named above, state the type of services or treatment rendered.
c.  For every individual and institution named above, state the type of services or treatment rendered.
d.  For each individual and institution listed above, please execute an authorization for the release of medical information attached to Defendant's Requests for Production of Documents to Plaintiff Set One. Please provide Plaintiff's date of birth and social security number and complete the address portion of the form for each individual and institution.

**ANSWER:   Plaintiff will provide his answer to Interrogatory No. 6 under separate cover and marked "For Attorneys Eyes Only" pursuant to the Temporary Protective Order issued by the Court.**

7.  Describe all income, commissions, earnings or monetary payments from any source which Plaintiff received since and including 2010, including the source of these payments or income, the dates of receipt, and the total amount of payment from each source.

**ANSWER:   Plaintiff objects to Interrogatory No. 7 as it seeks information unrelated to the cause of action set forth in Plaintiff's complaint, specifically any information prior to December 16, 2011, is irrelevant and not calculated to lead to discoverable information. Additionally, Plaintiff objects as the information requested is in the possession of the Defendant. Further, the remainder of the information requested is protected by several Confidentiality Agreements and/or Nondisclosure Agreements.**

8.  Identify and describe all written and oral communications which Plaintiff or anyone acting on his behalf, including legal counsel and investigators, ever had with any current or former agent, representative, or employee of Defendant, including any member of the Minnesota Senate or its past or present staff, concerning the matters referenced in the Amended Complaint or Answer in this action. Specifically identify such communication by date, name of the person with whom Plaintiff communicated and that person's job title, as well as the substance of the communication.

**ANSWER:   Plaintiff will provide his answer to Interrogatory No. 8 under separate cover and marked "For Attorneys Eyes Only" pursuant to the Temporary Protective Order issued by the Court.**

9.  Identify and provide the date of the charge or conviction of any crimes with which the Plaintiff has been charged or convicted, include a description of the nature of the action and disposition for each charge or conviction.

6

ANSWER:   Plaintiff objects to Interrogatory No. 10 as overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and is intended to simply harass and annoy, Plaintiff. Subject to, and without waiving said objection, Plaintiff states that on March 13, 2013 he pled guilty to a misdemeanor under Minn.Stat. § 169A.20.1(5).

10.   Since 2002, has Plaintiff been a party to a legal action of any kind (other than New School Corporations, Inc. and Blois Olson vs. Michael Brodkorb and www.MinnesotaDemocratsExposed.com, case No. CX-06-6432, filed in the First Judicial District (Dakota County), State of Minnesota; and University of MN Duluth Financial Collections vs. Michael Brodkorb, 69-S2-96-601708, filed in Conciliation Court, County of St. Louis, City of Duluth), including any action in State or Federal Court, arbitration, or a proceeding before the Minnesota Human Rights Department or EEOC? If yes, state the nature of the proceeding, the title and file number of the proceeding, including the venue or jurisdiction and the ultimate determination or resolution.

ANSWER:   Plaintiff objects to this Interrogatory because it is overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and is intended to simply harass, annoy, and impose undue expense upon Plaintiff. Subject to and without waiving any objections Plaintiff states as follows:

   Claim of Michael Brodkorb with the EEOC
   EEOC Number: 444-2010-00750

   State of Minnesota v. Michael B. Brodkorb
   Court file number - 19WS-CR-13-2193

11.   State your attorneys fees and costs incurred to date, and provide monthly updates.

ANSWER:   Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and is intended to simply harass, annoy, and impose undue expense upon Plaintiff. Plaintiff also objects to this interrogatory because it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Plaintiff also objects to this interrogatory because it is premature and vague.

12.   Identify every person that Plaintiff believes has knowledge of the allegations alleged in the Amended Complaint and specifically state for each person identified the knowledge they have regarding the allegations in the Amended Complaint.

7

ANSWER: Plaintiff objects to the form of Interrogatory No. 12 as overly broad, unduly burdensome and vague as the universe of "persons" that fit the description set forth in this interrogatory is vast and infinite. Subject to and without waiving said objections See Plaintiff's Answer to Interrogatory No. 1.

13. State whether and when you have destroyed or deleted any text or email message you exchanged with Amy Koch since February 1, 2012, the date they were destroyed and the reason for destruction.

ANSWER: Plaintiff objects to Interrogatory No. 13 as irrelevant and not calculated to lead to admissible evidence. Subject to, without waiving said objection, Plaintiff states that he routinely deletes e-mails and text messages. Plaintiff has not deleted an e-mail or text message that is related in any manner to the cause of action set forth in Plaintiff's complaint.

Date: May 24, 2013

_____
Michael B. Brodkorb

As to form and objections:

WALSH & GAERTNER, P.A.

Dated: May 24, 2013

_____
Gregory J. Walsh, #0291705
Attorney for Plaintiff
24 East Fourth Street
St. Paul, MN 55101
651-228-9968

VILLAUME & SCHIEK, P.A.

Philip G. Villaume, #112859
Villaume & Schiek, P.A.
Attorney for Plaintiff
BLN Office Park
2051 Killebrew Drive
Bloomington, MN 55424
952-851-9500

8