# **EXHIBIT E**

# United States District Court for the
# District of Minnesota

| | | |
|---|---|---|
| Michael Brodkorb, | ) | Case type: Employment |
| | ) | |
| Plaintiff, | ) | Case No.: 12-1958 SRN/AJB |
| vs. | ) | |
| | ) | **PLAINTIFF'S ANSWERS TO** |
| | ) | **DEFENDANT'S FIRST SET OF** |
| The Minnesota Senate, | ) | **REQUESTS FOR PRODUCTION** |
| | ) | **OF DOCUMENTS** |
| Defendant. | ) | |

TO: DEFENDANT, BY AND THROUGH ITS ATTORNEYS, CHRISTOPHER HARRISTHAL AND DAYLE NOLAN, LARKIN HOFFMAN DALY & LINDGREN, LTD, 7900 XERXES AVENUE SOUTH, MINNEAPOLIS, MINNESOTA 55431.

## INTRODUCTION

Plaintiff, Michael Brodkorb, pursuant to the Rules of Civil Procedure, answers Defendant's Request for Documents as follows:

## GENERAL OBJECTIONS AND RESERVATIONS

1. Plaintiff objects to Defendant's Request for Production of Documents to the extent that those Requests seek to impose discovery obligations upon Plaintiff which are contrary to, or exceed those set forth in the Federal Rules of Civil Procedure.

2. All information produced in response to Defendant's Request for Production of Documents is produced for use in this action only and for no other purposes. Plaintiff reserves the right to apply to the Court for an appropriate protective order pursuant to the Rules of Civil Procedure.

3. Plaintiff has responded to each of Defendant's Request for Production of

1



Documents based on his own understanding of those Requests to the best of his knowledge and recollection at the date these responses were served. Plaintiff expressly reserves the right to amend, supplement, or correct his answers as he deems necessary.

4. Plaintiff limits his responses to these Requests to information regarding Defendant.

5. Plaintiff has set forth such objections as are apparent at this time based on her understanding of Defendant's Request for Production of Documents. Plaintiff expressly reserves the right to assert additional objections, including those based on excessive burden, which may become apparent in the course of producing information to Defendant.

6. Plaintiff objects to producing any information which is protected as attorney work-product, or by the attorney-client privilege.

7. Plaintiff objects to and declines to be bound by the Definitions and Instructions section of Defendant's Request for Production of Documents to the extent said Definitions and Instructions attempt to impose burdens greater than those required by the Rules and applicable case law.

8. The foregoing general objections are incorporated into each of Plaintiff's responses to each of Defendant's Request for Production of Documents, whether or not express reference is made to the general objections and reservations in response to any particular Interrogatory and/or Production.

## DOCUMENT REQUESTS

Request No. 1: All communications by Plaintiff or Plaintiff's counsel with public relations consultants, newspapers, and other members of the media regarding this litigation or the facts underlying it. This includes, but is not limited to, reproductions of such information appearing in print and video media.

**ANSWER:** Plaintiff objects to this Production because it is overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and is intended to simply harass, annoy, and impose undue expense upon Plaintiff. Plaintiff also objects to this Production because the information sought is privileged or work product. Plaintiff further objects as the documents are already in Defendant's possession or are readily available to Defendant from another source. Subject to and without waiving said objection, see the following documents:

    Press Release dated January 30, 2012
    Press Release dated March 15, 2012
    Press Release dated March 21, 2012

Request No. 2:   All notes of communications with public relations consultants, the media, or other persons concerning this litigation or the facts underlying it.

**ANSWER:** Plaintiff objects to this Production because it is overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and is intended to simply harass, annoy, and impose undue expense upon Plaintiff. Plaintiff also objects to this Production because the information sought is privileged or work product. Subject to and without waiving said objections Plaintiff states that he is not in possession of any documents which would satisfy this request. However, Plaintiff is aware that Defendants may have retained the public relations firm Himle Rapp and/or Brian McClung related to this litigation. Any documents subject to this request are currently in the possession of the Defendant and should be made available to Plaintiff.

Request No. 3: All invoices from public relations consultants who provided services in conjunction with your dispute with the Minnesota Senate or this litigation.

**ANSWER:** Plaintiff states that he is not in possession of any documents which would satisfy this request. Plaintiff is aware that Defendants may have retained the public relations firm Himle Rapp and/or Brian McClung related to this litigation. Any documents subject to this request are currently in the possession of the Defendant and should be made available to Plaintiff.

Request No. 4:   All social media postings, blog entries, press releases, and drafts of same, posted by Plaintiff or Plaintiff's agents concerning this litigation or the facts underlying it.

**ANSWER:** Plaintiff objects to this Production because it is overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and is intended to simply harass, annoy, and impose undue expense upon Plaintiff. Plaintiff also objects to this Production because the information sought is privileged or work product. Subject to and without waiving said objection, see the following documents:

3

      Blog posting on politic.mn dated August 13, 2012
      Blog posting on politics.mn dated October 15, 2012

**Request No. 5:** All of Plaintiff's and Plaintiff's counsel's text messages, emails and correspondences with any person identified as a witness in the Plaintiff's initial disclosures or lists of persons with knowledge identified in response to Defendant's Interrogatory No. 12.

**ANSWER:** Plaintiff objects to this Production because it is overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and is intended to simply harass, annoy, and impose undue expense upon Plaintiff. Plaintiff also objects to this Production because the information sought is privileged or work product. Subject to and without waiving said objections plaintiff has produced all documents relative to this request in his Rule 26 disclosures and will not be reproducing them here with the exception of the following:

      Email dated December 20, 2011 at 11:02 from AM Mary Ferguson to Greg Walsh
      Email dated December 20, 2011, at 11:04 AM from Mary Ferguson to Greg Walsh with attachments
      Email dated December 22, 2011, at 6:42 PM from Mary Ferguson to Greg Walsh
      Email dated December 22, 2011, at 7:02 PM from Greg Walsh to Mary Ferguson
      Email dated December 22, 1011, at 7:42 PM from Mary Ferguson to Greg Walsh

**Request No. 6:** All of Plaintiff's text messages, emails and correspondence with any person about this litigation or the facts underlying it.

**ANSWER:** Plaintiff objects to this Production because it is overly broad and unduly burdensome. Plaintiff also objects to this Production because the information sought is privileged or work product. Subject to and without waiving said objections, Plaintiff is not in possession of any such documents.

**Request No. 7:** All documents reflecting any joint ventures, commonly owned property, or shared bank accounts Plaintiff has or has had with Amy Koch.

**ANSWER:** No such documents exist.

**Request No. 8:** All leases on rental property you or Amy Koch have leased for your joint use.

**ANSWER:** No such documents exist.

Request No. 9:   All documents that support or contradict your assertions, as alleged in paragraph 20, 21, 38, 56, and 57 of the Amended Complaint, that similarly situated legislative employees had intimate relationships with male legislators.

**ANSWER:**   Plaintiff objects to this Production because it is overly broad, unduly burdensome, and is intended to simply harass, annoy, and impose undue expense upon Plaintiff. Plaintiff also objects to this Production because the information sought is privileged or work product. Plaintiff also objects to this Production as improper to the extent that it seeks information already in the Defendant's possession, custody, or control. Subject to and without waiving any objections any such documents responsive to this request would be found in the employment file of the individuals identified in Plaintiff's Answers to Interrogatory Nos. 4 and 8.

Request No. 10:   All documents Plaintiff identified or relied upon in answering, or which support Plaintiff's answers to Defendant's Interrogatories to Plaintiff in this action.

**ANSWER:**   Plaintiff objects to this Production because the information sought is privileged or work product. Subject to and without waiving any objection, all such documents responsive to this request have been provided to Defendants in Plaintiff's Rule 26 Disclosures or in response to Defendant's Request for Production of Documents.

Request No. 11:   Plaintiff's federal and state tax returns, together with all scheduled, W-2 forms, and other attachments, for the years 2010 through present. Annual supplements for each year this case continues are requested as they are prepared.

**ANSWER:**   Plaintiff objects to this Production because it is premature and vague. Plaintiff understands the request is continual, and will furnish the information requested, upon completion in accordance with the Court's scheduling order. Plaintiff also objects to this Production as improper to the extent that it seeks information already in the Defendant's possession, custody, or control. Subject to and without waiving any objections, Plaintiff will wait for the Courts decision on the issuing of a protective order before disclosing any information responsive to this request.

Request No. 12:   All statements in Plaintiff's possession, custody or control that in any way concern this lawsuit or its subject matter including, but not limited to, statements that Plaintiff or his agents have taken from witnesses with regard to the allegations of the Amended Complaint, and statements Plaintiff or his agents have made.

5

**ANSWER:** Plaintiff also objects to this Production because the information sought is Privileged or work product. Subject to and without waiving any objection, see the following documents:

> Affidavit of Amy Koch dated May 8, 2012
> Affidavit of Amy Koch dated September 19, 2012

**Request No. 13:** All communications to and from any investigator used by Plaintiff in this litigation, including but not limited to, all invoices, reports and drafts of reports from such investigators.

**ANSWER:** Plaintiff will provide his response to this request under separate cover and marked "For Attorneys Eyes Only" pursuant to the Temporary Protective Order issued by the Court.

**Request No. 14:** All video, digital and tape recordings and transcripts of any communications with Defendant, its principals, employees and agents, including current as well as former members and staff of the Minnesota Senate, and any other witnesses to the events referenced in the Amended Complaint.

**ANSWER:** Plaintiff objects to this Production because it is overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and is intended to simply harass, annoy, and impose undue expense upon Plaintiff. Plaintiff also objects to this Production because the information sought is privileged or work product. Plaintiff also objects to this Production as improper to the extent that it seeks information already in the Defendant's possession, custody, or control. Subject to and without waiving any objections see the following:

> Audio recording of meeting with Cal Ludeman and Kevin Matzek
> Audio recording of telephone call with Michelle Fishbach
> Audio recording of voice mail from Cal Ludeman
> Audio recording of the press conference held by Sen. Geoff Michel, Sen. Chris
>    Gerlach, Sen. David Senjem, and Sen. David Hahn
> Audio recording of Sen. David Hahn on KSTP
> Audio recording of Sen. Geoff Michel on WCCO
> Audio recording of Sen. Geoff Michel on Ron Rosenbaum radio program
> Audio recording of meeting with Sen. Julianne Ortman and Sen. David Senjem
> Audio recording of Rep. Steve Smith on KSTP
> Video recording of Almanac at the Capitol – January 25, 2012
> Video recording of Representative Joe Atkins

6

>   Video recording of Sen. Cohen floor speech
>   Video recording of Sen. Senjem and Sen. Bonoff - February 2, 2012
>   Video recording of At Issue on KSTP of Former Sen. Ember Riechott Junge

**Request No. 15:** All statements Plaintiff has given to any administrative agency that investigates claims of discrimination, harassment, or retaliation since 2010.

**ANSWER:** Plaintiff objects to this Production because it is overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and is intended to simply harass, annoy, and impose undue expense upon Plaintiff. Plaintiff also objects to this Production because the information sought is privileged or work product. Subject to and without waiving any objections Plaintiff states no such documents exist.

**Request No. 16:** All Plaintiff's communications with, and submission to, the EEOC, Minnesota Department of Human Rights or the St. Paul Civil Rights Commission concerning allegations of discrimination by the Defendant.

**ANSWER:** Plaintiff objects to this Production because it is overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and is intended to simply harass, annoy, and impose undue expense upon Plaintiff. Plaintiff also objects to this Production because the information sought is privileged or work product. Plaintiff also objects to this Production as improper to the extent that it seeks information already in the Defendant's possession, custody, or control. Subject to and without waiving any objections all documents relative to this request have been provided to Defendant in Plaintiff's Rule 26 Disclosures.

**Request No. 17:** All diaries, notes, journals, calendars, appointment books, and similar documents that Plaintiff maintained while employed by Defendant through the present, including, but not limited to, anything referencing events alleged in the Amended Complaint or containing his impressions and feelings about how he was treated after 2010.

**ANSWER:** Plaintiff objects to this Production because it is overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and is intended to simply harass, annoy, and impose undue expense upon Plaintiff. Plaintiff also objects to this Production because the information sought is privileged or work product. Plaintiff also objects to this Production because it is premature and vague. Subject to and without waiving any objections no such documents exist.

**Request No. 18:** Copies of all pleadings, answers to interrogatories, affidavits by witnesses and parties, and documents produced in discovery in the matter of New School Corporations, Inc. and Blois Olson vs. Michael Brodkorb and www. MinnesotaDemocratsExposed.com, case

7

no. CX-06-6432, filed in the First Judicial District (Dakota County), State of Minnesota; and University of MN Duluth Financial Collections vs. Michael Brodkorb, 69-S2-96-601708, filed in conciliation court, County of St. Louis, City of Duluth.

**ANSWER:** Plaintiff objects to this Production because it is irrelevant, overly broad, Unduly burdensome, not reasonably calculated to lead to admissible evidence and is intended to simply harass, annoy, and impose undue expense upon Plaintiff. Plaintiff also objects to this Production because the information sought is privileged or work product. Subject to and without waiving said objection Plaintiff will make documents in his possession available for inspection and copying at the office of Walsh & Gaertner, P.A. at a time mutually convenient for all parties and their counsel.

**OBJECTIONS MADE ON BEHALF OF THE PLAINTIFF**

WALSH & GAERTNER, P.A.

Dated: May 24, 2013

Gregory J. Walsh, #0291705
Attorney for Plaintiff
24 East Fourth Street
St. Paul, MN 55101
651-228-9968

**VILLAUME & SCHIEK, P.A.**

Philip G. Villaume, #112859
Villaume & Schiek, P.A.
Attorney for Plaintiff
BLN Office Park
2051 Killebrew Drive
Bloomington, MN 55424
952-851-9500

8