UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Michael Brodkorb, | ) | File No.: 12-CV-01958 (SRN/AJB) |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **AFFIDAVIT OF** |
| The Minnesota Senate, | ) | **GREGORY J. WALSH** |
| | ) | |
| Defendants. | ) | |
| | ) | |

STATE OF MINNESOTA     )
                       ) ss.
COUNTY OF RAMSEY       )

Gregory J. Walsh, being first duly sworn under oath, states as follows:

1.      I am one of the attorneys representing Michael B. Brodkorb in the above entitled matter and I have firsthand knowledge of the matters asserted herein.

2.      That your Affiant is an attorney and has been admitted to practice for approximately fourteen (14) years.

3.      This Affidavit is made by your Affiant in response to Defendant's sanction motion against your Affiant and the law firm of Walsh & Gaertner, P.A.

4.      On July 3, 2013, your Affiant prepared the final draft of Plaintiff's memorandum of law in opposition to Defendant's motion to compel discovery along with affidavits in support of Plaintiff's memorandum.

5.      At Approximately 2:15 on July 3, 2013, your affiant and his support staff emailed Plaintiff's memorandum of law to Villaume & Schiek, P.A. for review and comment.

6.      Phil Villaume and his law clerk Thomas Priebe made minor changes to the memorandum and called your Affiant with the changes. Your Affiant made the suggested changes and prepared the documents to be emailed to Villaume & Schiek for filing.

7.      At approximately 3:20 p.m. your Affiant's staff began to email the memorandum of law, Affidavit of Gregory J. Walsh with exhibits A- K. The Exhibits were emailed individually because of their size.

8.      At Approximately 4:03 p.m. your Affiant received ECF Notice of Electronic Filing of Plaintiff's memorandum of law.

9.      At approximately 4:11 p.m. your Affiant received ECF Notification of Electronic Filing of the Affidavit of Gregory J. Walsh and the exhibits thereto.

10.     Upon receipt of the ECF Notifications your Affiant opened the documents electronically filed with the court and realized that confidential documents which were to be filed under seal were mistakenly filed online.

11.     Your Affiant immediately contacted the court administrator and requested that the entire affidavit of Gregory J. Walsh be removed from public viewing.

12.     The court administrator removed the documents from public viewing in less than fifteen (15) minutes from when the documents were filed.

13.     At approximately 4:20 p.m. your Affiant received an email from Dayle Nolan advising that some of the documents that were electronically filed had the incorrect caption (the State of Minnesota and Cal Ludeman were still named as Defendants after being removed from the case). Nolan made no reference to the confidential documents being filed on-line.

14.     At approximately 4:25 your Affiant contacted Plaintiff to advise him of the mistaken filing and inform him of the actions taken to remove the documents from public viewing.

15.     At approximately 4:45 p.m. your Affiant contacted Phil Villaume and advised him of the mistaken filing.  Mr. Villaume then informed your Affiant that his office was contacted by Doug Glass of the Associated Press and that the Associated Press was in possession of the confidential documents.

16.     Mr. Villaume advised your Affiant that he was going to contact Mr. Glass.

17.     Your Affiant also contacted Mr. Glass and requested that he return the documents downloaded from the court website and I even offered to drive to his office and retrieve them.  Mr. Glass refused to return the documents.

18.     Your Affiant learned that Plaintiff had received a telephone call from Tom Scheck at Minnesota Public Radio who was now in possession of the mistakenly filed documents.

19.     Your Affiant called Mr. Scheck and requested that he return the documents as they were protected by a Confidentiality Order.  Mr. Scheck suggested that I speak with his supervisor Mike Mulchay.

20.     Your Affiant spoke with Mr. Mulchay, requested that the documents be returned and advised that the information was confidential and was intended to remain under seal.

21.     Mr. Mulcahy informed your Affiant that MPR was not going to run a story disclosing the information.  Your Affiant then informed Mr. Villaume and Plaintiff.

22.     To the best of your Affiant's knowledge, Mr. Villaume contacted Judge Nelson's law clerk and informed her about the situation.

23.     To the best of your Affiant's knowledge, Mr. Villaume contacted Judge Donovan Frank at his residence seeking an order prohibiting the Associated Press and/or Minnesota Public Radio from publishing the contents of the documents.

24.     At approximately 6:40 p.m. on July 3, 2013, your Affiant and Mr. Villaume had a conference call with Magistrate Judge Boylan.  Your Affiant and Mr. Villaume informed Magistrate

Boylan of the mistakenly filed document, and that it was now in the possession of the Associated Press and Minnesota Public Radio.

25.     Magistrate Boylan informed your Affiant and Mr. Villaume that mistakes happen and that we have done everything we (Villaume and Walsh) could to cure the problem.

26.     Magistrate Boylan instructed that he would make himself available on Friday morning July 5, 2013, to discuss the matter with all counsel, if necessary.

27.     Your Affiant called Christopher Harristhal, counsel for Defendant, leaving a message on his voice mail detailing the fact that the document was mistakenly filed, the steps taken to protect the information from becoming public, and of the ex-parte communication with Magistrate Boylan.

28.     On July 5, 2013, your Affiant and Mr. Villaume had a conference call with Christopher Harristhal advising him of the offer from Magistrate Boylan to allow the parties to meet and discuss this situation.

29.     At Approximately 10:00 a.m. on July 5, 2013, your Affiant called Magistrate Boylan's chambers.  Your Affiant spoke with Magistrate Boylan and updated him about the situation.  Magistrate Boylan again stated that he would make himself available to the parties if the need arose to discuss this matter at a future date.

30.     Your Affiant and Phil Villaume on July 3, 2013, between the hours of 4:10 p.m. and 7:30 p.m. took every reasonable step that your Affiant and Mr. Villaume believed was appropriate under the circumstances to correct and rectify the mistake in not filing a certain document under seal including, but limited to, having the file sealed immediately upon discovery of the problem and contacting a Federal Judge and Magistrate Boylan in an effort to obtain a restraining order against the Associated Press and Minnesota Public Radio.

4

31.    At no time did Michael Brodkorb instruct or direct your Affiant to file protected confidential documents publically in violation of the protective order.

32.    At no time did co-counsel, Phil Villaume, instruct or direct your Affiant to file protected confidential documents publically in violation of the Court's protective order.

33.    As to the allegations by defense counsel that the public filing of confidential documents was deliberate and intentional, those assumptions are wrong, their facts are wrong, and their conclusions are wrong.

34.    Likewise, any statements that Plaintiff's legal team, including your Affiant, intentionally and deliberately filed the document in question publicly are false, misleading and a misrepretation of the truth as to what happened.

35.    On behalf of your Affiant's law firm, on behalf of Mr. Brodkorb, and on behalf of the legal team that was advising Mr. Brodkorb, your Affiant rejects and denies the statements and representations that there is anything in the aforementioned situation other than a simple, regrettable human error that was caught, corrected and rectified within minutes.

36.    Your Affiant, and Plaintiff's legal team, apologize to the Court, the Defendant and their counsel for the error. Your Affiant and Plaintiff's legal team accept responsibility for the error.


**Further your Affiant sayeth not.**

_Gregory J. Walsh_
_____
Gregory J. Walsh

Subscribed and sworn to before
me this 22nd day of August , 2013.

_____
Notary Public

TIFFANY STROTHER
Notary Public
State of Minnesota
My Commission Expires
January 31, 2014

5