UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Brodkorb, | Case type: Civil |
| Plaintiff, | |
| | **AFFIDAVIT OF SHANNON FROST** |
| vs. | |
| The Minnesota Senate, | |
| | Civil Action No.: 12-CV-01958 (SRN/AJB) |
| Defendant. | |

Shannon Frost, first being duly sworn on oath, deposes and states as follows:

1. That you affiant is the legal assistant to attorney Philip G. Villaume at the law firm of Villaume & Schiek, P.A. and has been so employed since October 2006.

2. That your affiant was working the afternoon of July 3, 2013. That on the afternoon of July 3, 2013, your affiant was to receive from co-counsel, Gregory Walsh, a memorandum of law in opposition to defendant's motion to compel discovery as well as exhibits attached to that memorandum. The due date for filing these documents was July 3, 2013, at 4:30 p.m.

3. Around 2:15 p.m. on July 3, 2013, your affiant received the memorandum of law by email. It came without attachments.

4. After that Philip Villaume and his law clerk, Thomas Priebe, made some minor changes to the memorandum of law. They contacted attorney Gregory Walsh and made him aware of the changes to the memorandum of law that were suggested by attorney Villaume.

5. Your affiant was aware that attorney Walsh would be electronically forwarding the additional documents so that your affiant could efile the documents with the Court on July 3, 2013.

6. At approximately 3:25 p.m., your affiant received the exhibits, which were to be attached to the revised memorandum for filing, from co-counsel's legal assistant, and at approximately 3:45 your affiant received the revised memorandum. After receiving the exhibits, your affiant did not review any of the exhibits before the memorandum and exhibits were sent by hard copy via hand delivery by Metro Legal Service or efiled with the Court.

7. At about 4:15 p.m. on July 3, 2013, your affiant received a call from Gregory Walsh stating that an exhibit (Exhibit I) sent to our office as part of the attachments to the memorandum was supposed to be filed under seal. Until this time, I was unaware that any of the exhibits to be filed that afternoon were designated confidential and were to be filed under seal.

8. Your affiant immediately called and spoke with a Court clerk who recommended that I talk with the Judge's clerk. I then immediately called and spoke with Judge Susan Richard Nelson's judicial clerk, Andrea Yang, and informed her of the problem. She was able to have the entire filing sealed and taken off line.

9. At no time did Mr. Brodkorb suggest, demand, request or instruct me to disclose documents or information covered by the protective order.

**FURTHER, YOUR AFFIANT SAYETH NOT**

_____
Shannon Frost

Subscribed and sworn to before me
this 22nd day of August, 2013.

_____
Notary Public

CHRISTINE DOROTHEA PHILLIPS
Notary Public
State of Minnesota
My Commission Expires
January 31, 2015

3